UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TEEDA BARCLAY, JAY OVSAK, and NICOLE NORDICK, individually, and on behalf of others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>iFIT Health & Fitness, Inc. *f/k/a* ICON HEALTH & FITNESS, INC., and NORDICTRACK, INC.,<br>　　　　　　　　　　Defendants. | Case No. 0:19-cv-02970-ECT-DTS<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE AND/OR STRIKE DEFENDANTS' CLASS CERTIFICATION SUBMISSIONS** |

1

# INTRODUCTION

Defendants' filings in opposition to Plaintiffs' Motion for Class Certification violated the Court's scheduling order by failing to disclose rebuttal class certification expert witnesses/reports for almost six months. Defendants' decision to ignore the Court's scheduling order prejudiced Plaintiffs. The Court should exclude and/or strike Defendants' improper filings.

# RELEVANT FACTUAL BACKGROUND

## *Relevant Scheduling Orders*

On May 30, 2023, the parties submitted a stipulation seeking to extend deadlines in the scheduling order in order to allow for completion of certain discovery tasks (Stip. Am. Sch. Order [ECF Dkt. 175] at 2); one of the primary underlying reasons necessitating the extension was the discovery production of Defendant. (Decl. Christopher P. Renz Supp. Mot. Exclude and/or Strike Defs' Class Cert. Submissions ("Renz Decl.") ¶ 2.) The stipulation included a July 14, 2023 deadline for Plaintiffs' class certification expert disclosures and an August 14, 2023 deadline for rebuttal class certification expert disclosures. (*Id.*) The Court's subsequent May 31 order approved the stipulated deadlines in part but required Plaintiffs' class certification expert disclosures to be completed by June 15, 2023, and Defendants' rebuttal class certification expert disclosures by July 17, 2023. (Order [ECF Dkt. 177].)

On that same day, the parties sent a joint status report to Magistrate Judge Foster pursuant to the requirements of the Court's May 18, 2023 Order [ECF No. 174]. (Renz Decl., Ex. A.) The status update explained the lengthy procedural history of the case, the

2

parties' then current discovery efforts, and difficulties resulting from the Court's partial acceptance of the dates in the parties' May 30 stipulation. (*Id.*) The status update requested reconsideration of those deadlines or a status conference with the Court. (*Id.*) A status conference was held on June 2, 2023, and as a result the Court ordered Plaintiffs' class certification expert disclosures be provided by July 14, 2023, and Defendants' rebuttal expert disclosures by August 14, 2023. (Order [ECF Dkt. 180].)

*Disclosure and Depositions of Plaintiffs' Experts*

On June 15, 2023, in response to an inquiry by Defendants' counsel, Plaintiffs disclosed the identities of all three of their experts. (Renz Decl. ¶ 4.) On July 14, 2023, in accordance with the scheduling order, Plaintiffs disclosed their class certification experts, including providing: a 42-page Declaration of Steven P. Gaskin; a 39-page Declaration of Colin B. Weir; and a 44-page Motor Testing Report by Bradley M. Frustaglio. (Renz Decl. ¶ 5.) Defendants' counsel deposed every one of the experts Plaintiffs timely disclosed and took them all prior to Defendants' deadlines to disclose class certification rebuttal reports. (*Id.* ¶ 6.) During the discussions concerning the scheduling of Plaintiffs' expert depositions, Defendants' counsel acknowledged the "expert discovery schedule." (*Id.* ¶ 7, Ex. B.)

Defendants neither identified experts nor provided reports from experts rebutting the timely disclosed reports of Plaintiffs' experts, much less by August 14, 2023. (*Id.* ¶ 8.)

*Class Certification Motion Filings*

On December 15, 2023, Plaintiffs timely filed their Motion for Class Certification and to Appoint Class Representatives and Class Counsel [ECF Dkt. 195] ("Plaintiffs' Class

3

Certification Motion"). In support of Plaintiffs' Class Certification Motion, Plaintiffs filed and relied on the timely disclosed class certification expert reports of Steven Gaskin, Colin Weir and Bradley Frustaglio. (*See* Declaration of Terence C. Coates in Support of Class Certification [ECF Dkt. 203] ("Coates Decl."), Exs. 2-4.)

On January 18, 2024, Defendants' counsel sent an e-mail to Plaintiffs' counsel seeking a one-week extension to file their opposition to Plaintiffs' Class Certification Motion. (Renz Decl., Ex. C.) The e-mail explained: "This short extension will afford iFIT needed time to manage rebuttal expert[1] work on top of preparation of the opposition to the class-cert motion and to sync up iFIT's expert disclosure and opposition deadlines logically." (*Id.*) As a matter of professional courtesy, Plaintiffs' counsel stipulated to the one-week extension of the deadline for Defendants to file documents in opposition to Plaintiffs' Class Certification Motion, and a related one-week extension for Plaintiffs' reply submissions. (*Id.* ¶ 10; Stip. Am. Scheduling Order [ECF Dkt. 207].) In entering into the stipulation, Plaintiffs' counsel had no intention or understanding that they were stipulating in any way to affect Defendants' obligations concerning disclosure of class certification rebuttal experts. (Renz Decl. ¶ 10.) The Court amended Defendants' deadline for their submissions in opposition to Plaintiffs' Class Certification Motion and Plaintiffs' reply submissions, and explicitly stated "All other requirements in the Pretrial Scheduling

---

[1] Plaintiffs had disclosed their merits expert reports on January 2, 2024 in compliance with the Court's then operative scheduling order [ECF Dkt. 188] and Defendants' merits expert disclosures were due by February 9, 2024.

4

Order (ECF No. [146]) and Orders modifying it (ECF Nos. [172], [180], and [188]) remain in full force and effect." (Order [ECF Dkt. 209].)

On February 9, 2024, at 2:07 p.m., Defendants' counsel sent Plaintiffs' counsel, by e-mail, a link to five expert declarations. (Renz Decl. ¶ 11.) Defendants had not disclosed the identity of those experts, much less their reports, to Plaintiffs prior to that date and time. (*Id.*) On that same day, approximately fifteen minutes later, Defendants began filing their submissions in opposition to Plaintiffs' Class Certification Motion, which included and relied upon the expert materials disclosed to Plaintiffs for the first time that day. (Mem. Opp. Pls' Mot. Class Cert. [ECF Dkt. 212] ("Defs' Class Cert. Opp. Memo."); Decl. Kade N. Olsen Supp. Defs' Opp. Pls' Mot. Class Cert. [ECF Dkt. 213] ("Olsen Decl."), Exs. 1, 2, 6, 13, and 14 (collectively the "Improper Filings").)

***Effect on Plaintiffs' Filings and Merits' Expert Reports***

In preparing and filing Plaintiffs' Class Certification Motion, Plaintiffs took into account the lack of any rebuttal expert filings by Defendants. (Renz Decl. ¶ 12.) Plaintiffs' experts have provided expert testimony in numerous other cases. (Declaration of Steven P. Gaskin in Support of Pls' Mot. Exclude and/or Strike Defs' Class Cert. Submissions ("Gaskin Decl.") ¶ 6.) In those other cases, Plaintiffs' experts regularly take into account the positions expounded in class certification rebuttals when conducting their analysis and preparing their merits' expert reports. (*Id.* ¶ 8.) In this case, where there were no rebuttal experts disclosed (including the absence of reports), Plaintiffs' experts were unable to address and account for any concerns or criticisms raised by the other parties' experts in

5

preparing their merits' expert reports, even though not outcome-determinative. (*Id.* ¶¶ 9, 11.)

*Addressing Submissions Post-Filing*

On February 12, 2024, Plaintiffs' counsel called Defendants' counsel and requested that they withdraw the portions of their submissions in opposition to Plaintiffs' Class Certification Motion that were referred to or relied upon the Defendants' merits expert reports; Plaintiffs' counsel stated that they would bring a motion to strike those submissions if not voluntarily withdrawn. (Renz Decl. ¶ 13.) Defendants' counsel sent a letter the next day attempting to explain why their submissions should not be stricken or excluded. (Renz Decl., Ex. D.)

Plaintiffs' counsel thereafter requested a status conference with the Court to address Defendants' Improper Filing, which was held on February 23, 2024, preceded by letters to the Court. (*See* Notice [ECF Dkt. 215]; Renz Decl. ¶ 15.) The Court directed Plaintiffs to file a motion and supporting documents by March 1, 2024, and Defendants to file opposing submissions by March 8, 2024. (*Id.* ¶ 15.)

## ARGUMENT

I. **DEFENDANTS SIGNIFICANTLY FAILED TO COMPLY WITH THE COURT'S SCHEDULING ORDER.**

Scheduling orders are important tools and "critical to maintaining integrity in the court proceedings." *E.E.O.C. v. Hibbing Taconite Co.*, 266 F.R.D. 260 (D. Minn. 2009) (quoting *Rouse v. Farmers State Bank of Jewell*, 866 F. Supp. 1191, 1198 (N.D. Iowa 1994)). "A magistrate judge's scheduling order 'is not a frivolous piece of paper, idly

6

entered, which can be cavalierly disregarded by counsel without peril.'" *Hibbing Taconite Co.*, 266 F.R.D. at 265-66 (quoting *Rouse*, 866 F. Supp. at 1198). Requiring parties to adhere to reasonable deadlines is "critical to maintaining integrity in court proceedings." *Hibbing Taconite Co.*, 266 F.R.D. at 266 (quoting *Alholm. V. American S.S. Co.*, 167 F.R.D. 75, 79 (D. Minn. 1996).

The deadlines for Defendants to make class certification rebuttal expert disclosures was August 14, 2023. Defendants did not disclose any rebuttal expert, whether identities or reports, until February 9, 2023 – the deadline for Defendants' merits expert disclosures. On that same day, Defendants filed their submissions opposing Plaintiffs' Class Certification Motion and included the never-before-disclosed experts and used their reports to rebut Plaintiffs' submissions and experts offered in support of class certification. Defendants flagrantly violated the Court's deadlines by nearly six months demonstrating their cavalier disregard for the deadlines of the Court.

The Court should grant Plaintiffs' Motion.

## II. PLAINTIFFS WERE PREJUDICED BY DEFENDANTS' SIGNIFICANT FAILINGS.

Plaintiffs were prejudiced by the manner in which Defendants used previously undisclosed experts to oppose Plaintiffs' Class Certification Motion both in relation to Plaintiffs' Class Certification Motion and in relation to Plaintiffs' merits expert reports. Defendants' proposal to salvage their improper filings does not cure that prejudice.

The scheduling orders in this case, as is true for nearly every class action case in this District, provided a timeline for the class action certification motion process, in

7

addition to a timeline for the merits discovery and expert disclosure process. (*See* Sched. Order [ECF Dkt. 146], Order [ECF Dkt. 172], and Order [ECF Dkt. 180].) As to the class action certification motion process, again as routine in this District, the Court provided a date by which Plaintiffs had to disclose the experts they would use to support their motion, a date by which Defendants had to disclose the experts they would use to rebut those assertions, and a date by which depositions of the respective class certification experts would need to be taken. The process and order of these dates ensures that each side understands what the other is submitting by experts in relation to class certification in advance of briefing on the motion. In July 2023, and in compliance with the Court's deadlines, Plaintiffs ensured that they disclosed each of their experts with fulsome reports. Defendants took the opportunity to depose those experts in early July, as the scheduling order deadlines anticipated. But once Defendants had all the information in relation to Plaintiffs' class certification experts afforded to them under the Court's deadlines and process, they disengaged from that process and sat silent as to any expert information from them until the day they filed their class certification opposition.

First, in filing Plaintiffs' class certification motion, Plaintiffs filed their submissions and approached the documents on the basis that Defendants had no expert rebuttal to Plaintiffs' class certification experts.[2] Defendants' Improper Filings change the entire landscape as to the class certification experts. Defendants hold out the possibility of

---

[2] Defendants are entitled to decide to not rebut Plaintiffs' class certification experts, whether for strategic reasons, economic reasons, or otherwise.

quickly scrambling to take their merits experts' depositions and responding to their battery of arguments based on never before disclosed experts.  However, the prejudice to Plaintiffs is clear – Defendants sat on Plaintiffs' class certification expert disclosures and information garnered from depositions for nearly six months prior to submitting them in opposition to Plaintiffs' Class Certification Motion, but expect Plaintiffs to digest the information from 243 pages of expert material, schedule and take the depositions of those experts, and submit a reply while keeping the April 22, 2024 hearing date.[3]  (*See* A. Riter Ltr to Court [ECF Dkt. 221].)  Further, Plaintiffs' initial class certification motion submissions have long since been filed and drafted and that bell cannot be unrung.  Allowing Defendants to game the process in the manner they have prejudices Plaintiff both in not having their initial submissions reflect all of the information that Plaintiffs should have had in their possession pursuant to the Court's process and in forcing Plaintiffs into a highly compressed deposition and reply deadline, while Defendants had extensive time to prepare theirs.

Second, Defendants' manipulation of the Court's processes prejudiced Plaintiffs' merits experts' filings.  In the ordinary course of a class action case, the merits expert disclosures are due well after the class certification expert exchange; the same was true in this case.  Experts preparing their merits reports use the class certification expert report exchange to inform both their ultimate analysis, as well as the resulting merits reports.  It

---

[3] Not only are Plaintiffs prejudiced by Defendants' actions and proposals, but the upshot of Defendants' proposal to attempt to cure their failings is an April 15 class certification motion reply deadline giving the Court a mere week before the hearing to digest submissions (were the Court to go along with Defendants' proposal, Plaintiffs' submissions would presumably be lengthy).

9

is an opportunity for a plaintiff's experts to attempt to address concerns raised by the opposing party. However where, as here, a defendant fails to engage in the class certification expert process, the plaintiff's expert does not have this information. Plaintiffs' experts Steven Gaskins and Colin Weir, based on a brief review of Defendants' merits experts submissions, have identified ways in which they could have conducted their analyses so as to quell the concerns of Defendants. Of course, now that the parties' respective merits' expert disclosures have been completed, Plaintiffs' experts are prejudiced by not having that information in advance and like with the already-filed Plaintiffs' Class Certification Motion submissions, it is not a bell that can be unrung.

### III. DEFENDANTS' CLAIMED BASES FOR ALLOWING ITS IMPROPER CLASS ACTION SUBMISSIONS TO STAND ARE WITHOUT MERIT.

#### *A. Defendants' Contentions Concerning the Sufficiency of Plaintiffs' Class Certification Expert Reports Are Belied by Defendants' Inclusion of the Improper Filings and Reliance Upon Them.*

Defendants attempt to excuse their failure to adhere to the Court's orders by suggesting that Plaintiffs' class certification experts were deficient and did not warrant a response. (A. Riter Ltr to Court [ECF Dkt. 221] at 1-2.) Defendants go on to claim that it was only Plaintiffs' merits expert reports that warranted a response. (*Id.*) This entire line of argument by the Defendants is contradicted by their decision to include the Improper Filings and to rely on their merits experts in their filings. Defendants' use and reliance upon their merits experts was significant; Defendants submitted four of their experts' declarations in whole, and the fifth expert's in part. (Olsen Decl., Exs. 1, 2, 6, 13, and 14.) Defendants relied on those reports throughout their memorandum, including referencing

10

certain of the reports as "the only evidence on [an] issue" and "the only evidence on this front." (*See*, *e.g.*, 4, 6, 10, 17, 21, 25.) If the Plaintiffs' class certification expert disclosures were so deficient that rebuttal expert disclosures were unnecessary, Defendants would not have needed to file and rely upon their merits experts in opposing the motion.[4, 5] If these post-hoc claims by Defendants were genuine, Defendants would have submitted an opposition to Plaintiffs' Class Certification Motion that was bereft of references to their own experts and instead focused on claimed deficiencies in Plaintiffs' showing.[6]

---

[4] Defendants provide various cases and legal authority in an attempt to suggest that Plaintiffs' class certification expert disclosures did not warrant a response. (A. Riter Ltr to Court [ECF Dkt. 221] at 1.) Again, if Defendants' contentions had merits, these arguments could have been made in opposition to Plaintiffs' Class Certification Motion without the Improper Filings. Moreover, the caselaw does not, in fact, suggest that Plaintiffs' class certification filings were deficient. *Compare Weiner v. Snapple Beverage Corp.*, No. 07 Civ. 8742 DLC, 2010 WL 3119542, at *10 (S.D.N.Y. Aug. 5, 2010) (noting an expert who did not explain how methodology could work with information in that case, had only examined two documents, and had not explained how it could work) *with* Renz Decl. B-D; *Werdebaugh v. Blue Diamond Growers*, No. 12-CV-2724-LHK, 2014 WL 2191901, at *25 (N.D. Cal. May 23, 2014) (relied on in *Randolph v. J.M. Smucker Co.*, 303 F.R.D. 679, 697 (S.D. Fl. 2014)) (holding that a plaintiff must present a likely method for determining class action damages, but not necessary to show the method actually works). Note also Plaintiffs claiming that class certification was reversed in *Kurtz v. Costco Wholesale Corp.*, 768 F. App'x 39, 40 (2d Cir. 2019) (see A. Riter Ltr to Court [ECF Dkt. 221] at 1), though the *Kurtz* Court did not reverse certification but rather remanded for further development of the record. 768 F. App'x 40-41.

[5] Defendants also chose to depose each of the Plaintiffs' class certification experts after they reviewed their reports (Renz Decl. ¶¶ 5-6), which also contradicts the post hoc assertion that the reports did not warrant response.

[6] Defendants also engage in "straw man" arguments when they contend, in support of their arguments that the Improper Filings should be allowed despite violation of the Court's orders, that Plaintiffs are unable to meet class certification requirements without Plaintiffs' merits expert damages. (A. Riter Ltr to Court [Dkt. 221] at 3.) Plaintiffs did not rely upon their merits expert reports in their submissions in support of class certification. (*See*, *e.g.*, Mem. Supp. Pl.'s Mot. Class Cert. and to Appoint Class Reps. and Class Counsel [ECF

11

Defendants instead used expert reports to rebut Plaintiffs' experts and claims, which undercuts the entirety of their attempt to excuse their blatant disregard for the Courts' deadlines on the claimed basis that Plaintiffs' class certification expert disclosures didn't warrant a response.

### B. *Defendants' Rationale Is Internally Contradictory.*

One of the reasons proffered by Defendants in support of allowing the Improper Filings to remain is that if the Court granted Plaintiffs' relief, Defendants would later bring a decertification motion and that would waste the Court's time. (A. Riter Ltr to Court [Dkt. 221] at 2.) This claim by Defendants only underscores the fault of the Improper Filings. Defendants are tacitly admitting that when the reports of their merits experts, and references thereto, are excluded, Plaintiffs' class certification motion would be invariably granted. This further demonstrates Defendants' reliance on experts to oppose Plaintiffs' class certification motion (without them, Defendants concede defeat on the motion), in which case they very clearly should have been disclosed in conformity with the Court's August 14, 2023 deadline. Defendants' contention regarding a future decertification motion were the Court to grant Plaintiffs' relief demonstrates its reliance on rebuttal experts that were never timely disclosed.

---

Dkt. 197].) If Defendants earnestly believe that there are deficiencies in Plaintiffs' submissions in support of their class action motion, their choice was to either timely make expert disclosures regarding the deficiencies and rely upon them in their opposition or to simply make the arguments without expert support. Defendants did neither, but instead relied upon five experts never disclosed until the day they filed their class certification opposition.

12

### *C. Defendants' Reliance on January 24, 2024 Stipulation to Amend Scheduling Order is Misplaced.*

In one of the last attempts to salvage its Improper Filings, Defendants contend that Plaintiffs expressly stipulated to the Improper Filings. (A. Riter Ltr to Court [ECF Dkt. 221] at 2-3.) Plaintiffs take significant umbrage with this contention. Up until the point of the Improper Filings, Plaintiffs' counsel had a strong working relationship with Defendants' counsel with both parties working to move the case forward in a reasonable manner. Defendants' counsel reached out explaining, among other things, that the extension was needed for Defendants "to manage rebuttal expert[7] work on top of preparation of the opposition to the class-cert motion and to sync up iFIT's expert disclosure and opposition deadlines logically." (Renz Decl., Ex. D.) Plaintiffs' counsel wholly understood this as seeking more time to work on their class action opposition, while simultaneously handling preparation of their merits experts disclosure. In the continuing spirit of professional courtesies, Plaintiffs' counsel quickly responded that they were willing to stipulate to moving the deadline. Plaintiffs' counsel subsequently signed on to the stipulation. At no point did Plaintiffs understand or intend to extend the Court-ordered class certification rebuttal expert deadline or agree to the Improper Filings.[8] Moreover, the

---

[7] Plaintiffs had disclosed their merits expert reports on January 2, 2024 in compliance with the Court's then operative scheduling order [ECF Dkt. 188] and Defendants' merits expert disclosures were due by February 9, 2024.

[8] Agreeing to a stipulation to extend a deadline is a routine matter of collegiality and professionalism, whereas asking for the rejuvenation of a deadline that has passed over four months prior, and upon which the opposing party has relied, is seeking something of a substantially different character. To not spell out that difference and attempt to use counsel's cooperation to one's advantage is at best a sharp tactic and at worse represents an explanation that strains credulity.

13

subsequent order of the Court neither extended the deadline for Defendants to disclose class certification rebuttal experts nor allowed them to be referenced in Defendants' opposition. (*See* Jan. 25, 2024 Order [ECF Dkt. 209].) Defendants' attempt to exploit Plaintiffs' professional courtesies to end-around its clear violation of the Courts' deadline is unwelcome and unprofessional.

## IV. THE COURT SHOULD EXCLUDE AND/OR STRIKE THE CLASS OPPOSITION FILINGS BY DEFENDANTS AND EXTEND THE DEADLINE FOR PLAINTIFFS TO REPLY TO DEFENDANTS' MOTION FOR CLASS CERTIFICATION.

The Court has discretion to issue any just order for the opposing party failing to obey a scheduling or other pretrial order, including striking pleadings in whole or part. Fed. R. Civ. P. 16(f). Furthermore, the rule provides that the Court can order a party or its attorney, or both, to pay reasonable expenses, including attorneys' fees, incurred due to non-compliance with the rule. *Id.* Ultimately, determining the appropriate sanction is in the discretion of the Court. *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992) (cited in *American Dairy Queen Corp. v. Blume*, No. 11-358 (RHK/TNL), 2013 WL 1748436, *7 (D. Minn. Jan. 11, 2013)). Failure to timely disclose experts permits the district court to impose sanctions on a party for failing to meet deadlines. *Engleson v. Little Falls Area Chamber of Commerce*, 210 F.R.D. 667, 669 (D. Minn. 2002).

Federal Rules of Civil Procedure 37 governs any sanctions based on the untimely disclosure of discovery materials. Indeed, a party who fails to disclose information as required by Rule 26 "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is

harmless." Fed. R. Civ. P. 37(c)(1). "Rule 16 is buttressed by the sanctions imposed by Rule 37(c)(1), Federal Rules of Civil Procedure, which requires exclusion of an expert's opinion if disclosures are not timely made." *Engleson*, 210 F.R.D. at 669. (recognizing that "sanctions under Rule 37(c)(1) are mandatory"). If the failure to disclose an expert report/opinion is not "substantially justified" and is due to "carelessness, inadvertence, or inattention," the expert report should be excluded. *North Star Mut. Ins. Co. v. Zurich Ins. Co.*, 269 F. Supp. 2d 1140, 1145-49 (D. Minn. 2003) (excluding expert report because the failure to meet the disclosure deadline was neither "harmless or substantially justified").

The Court should exclude the Improper Filings, including both the untimely expert reports in Kade Olsen's declaration and any reference or reliance on them in Defendants' memorandum opposing class certification; in that case, Plaintiffs are not seeking any amendment of the deadline to file their reply memorandum in support of class certification. In the alternative, if the Court were to allow the Improper Filings as harmless or substantially justified, Plaintiffs request that they be allowed to depose Defendants' experts, Plaintiffs' experts be allowed to file revised merits experts at Defendants' expense, and all of that take place prior to Plaintiffs' reply submission or class action determination, as well as briefing of the pending motion for summary judgment. Of course, this result will require another amendment to the Scheduling Order.

## CONCLUSION

Defendants violated the Court's deadlines for disclosure of their class certification rebuttal experts, deadlines to which Defendants themselves stipulated. Defendants' post-hoc rationale as to why they should be able to suddenly spring their five experts onto

Plaintiffs is internally inconsistent and logically faulty.  The prejudice to the Plaintiffs can only be cured by excluding the Improper Filings or allowing Plaintiffs the ability to fully account for Defendants' decisions and/or tactics.

                                                  Respectfully submitted,

Dated: March 1, 2024                       *s/ Christopher P. Renz*
                                                  Karl L. Cambronne (MN 0014321)
                                                  Bryan L. Bleichner (MN 0326689)
                                                  Christopher P. Renz (MN 0313415)
                                                  **CHESTNUT CAMBRONNE, PA**
                                                  100 Washington Avenue South, Suite 1700
                                                  Minneapolis, MN 55401
                                                  Telephone: (612) 339-7300
                                                  *kcambronne@chestnutcambronne.com*
                                                  *bbleichner@chestnutcambronne.com*
                                                  *crenz@chestnutcambronne.com*

                                                  Nathan D. Prosser (MN 0329745)
                                                  **HELLMUTH & JOHNSON, PLLC**
                                                  8050 West 78th Street
                                                  Edina, MN 55439
                                                  Telephone: (952) 941-4005
                                                  *nprosser@hjlawfirm.com*

                                                  W.B. Markovits (*pro hac vice*) (OH 0018514)
                                                  Terence R. Coates (*pro hac vice*) (OH 0085579)
                                                  Justin C. Walker (*pro hac vice*) (OH 0080001)
                                                  Dylan J. Gould (*pro hac vice OH* 0097954)
                                                  **MARKOVITS, STOCK & DEMARCO, LLC**
                                                  119 East Court Street, Suite 530
                                                  Cincinnati, OH 45202
                                                  Phone: (513) 651-3700
                                                  *bmarkovits@msdlegal.com*
                                                  *tcoates@msdlegal.com*
                                                  *jwalker@msdlegal.com*
                                                  *dgould@msdlegal.com*

                                                  ***Counsel for Plaintiffs***