UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TEEDA BARCLAY, JAY OVSAK, and NICOLE NORDICK, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>iFIT Health & Fitness, Inc. *f/k/a* ICON HEALTH & FITNESS, INC., and NORDICTRACK, INC.,<br><br>Defendants. | Case No. 0:19-cv-02970-ECT-DTS<br><br>**DECLARTION OF CHRISTOPHER P. RENZ IN SUPPORT OF MOTION TO EXCLUDE AND/OR STRIKE DEFENDANTS' CLASS CERTIFICATION SUBMISSIONS** |

STATE OF MINNESOTA   )
                                          ) ss.
COUNTY OF HENNEPIN )

Christopher P. Renz, being first duly sworn on oath, deposes and states as follows:

1.  I am a shareholder of the law firm Chestnut Cambronne PA. I am a member of Class Counsel representing Teeda Barclay, Nicole Nordick and Jay Ovsak and the putative Class. I submit this Declaration in support of Plaintiffs' Motion to Exclude and/or Strike Defendants' Class Certification Submissions.

2.  One of the primary reasons for the stipulation to extend deadlines [ECF Dkt. 175] was delays by Defendants in producing documents.

3.  Attached as **Exhibit A** is a true and correct copy of the joint status report to Judge Foster dated May 31, 2023.

4. On June 15, 2023, in response to an inquiry by Defendants' counsel, Plaintiffs disclosed the identities of all three of Plaintiffs' class certification experts.

5. On July 14, 2023, Plaintiffs disclosed their class certification experts, including providing the following reports, which Plaintiffs later submitted in support of their class certification motion: a 42-page Declaration of Steven P. Gaskin; a 39-page Declaration of Colin B. Weir; and a 44-page Motor Testing Report by Bradley M. Frustaglio.

6. Defendants took the depositions of each of Plaintiffs' experts on August 2, 9, and 10, 2023, all prior to their deadline for disclosing class certification rebuttal experts.

7. In communicating with counsel for Defendants concerning the scheduling or depositions and the disclosures, Defendants' counsel made specific reference to the "expert discovery schedule," demonstrating their awareness. A true and correct copy of a July 7, 2023 e-mail from Defendants' counsel Austin Riter is attached hereto as **Exhibit B**.

8. Defendants neither identified experts nor provided reports from experts rebutting the timely disclosed reports of Plaintiffs' experts until the day Defendants filed their class certification opposition.

9. Attached as **Exhibit C** is a true and correct copy of an e-mail seeking a one-week extension to file an opposition to Plaintiffs' Class Certification Motion to Plaintiffs' counsel dated January 18, 2024.

10. Plaintiffs' counsel stipulated to a one week extension of Defendants' deadlines for opposing Plaintiffs' motion for class certification as a matter of professional courtesy. In entering into the Stipulation for Amended Scheduling Order, ECF Dkt. 207, Plaintiffs' counsel had no intention or understanding that they were stipulating in any way to affect Defendants' obligations concerning disclosure of class certification rebuttal experts.

11. On February 9, 2024 at 2:07 p.m., Defendants' counsel sent Plaintiffs' counsel, by e-mail, a link to five expert declarations. Prior to that date and time, Defendants had not previously disclosed to Plaintiffs the identity of those experts, much less their reports.

12. In preparing and filing Plaintiffs' Class Certification Motion, Plaintiffs took into account the lack of any rebuttal expert filings by Defendants.

13. On February 12, 2024, Plaintiffs' counsel called Defendants' counsel and requested that they withdraw the portions of their submissions in opposition to Plaintiffs' Class Certification Motion that were referred to or relied upon the Defendants' merits expert reports; Plaintiffs' counsel stated that they would bring a motion to strike those submissions if not voluntarily withdrawn.

14. Defendants' counsel sent a letter the next day attempting to explain why their submissions should not be stricken or excluded. Attached as **Exhibit D** is a true and correct copy of the letter dated February 13, 2024.

3

15. Plaintiffs' counsel thereafter requested a status conference with the Court to address Defendants' Improper Filing, which was held on February 23, 2024, preceded by letters to the Court. The Court directed Plaintiffs to file a motion and supporting documents by March 1, 2024 and Defendants to file opposing submissions by March 8, 2024.

I swear under penalty of perjury that everything I have stated in this document is true and correct.

 /s/ *Christopher P. Renz* _____
Christopher P. Renz

Signed in Hennepin County, Minnesota

on the 1st day of March 2024.