UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Teeda Barclay, Jay Ovsak, and Nicole Nordick, individually, and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>iFit Health & Fitness, Inc. and NordicTrack, Inc.,<br><br>                  Defendants. | Case No. 19-cv-2970 (ECT/DJF)<br><br>**ORDER** |

      This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing of Documents ("Sealing Motion") (ECF No. 248) filed in connection with Plaintiffs' Motion to Certify Class and to Appoint Class Representatives and Class Counsel (ECF No. 195). Defendants filed one exhibit ("Exhibit") (ECF No. 214) in support of their Memorandum in Opposition to Plaintiffs' Motion for Class Certification (ECF No. 212) under seal. Defendants also publicly filed a redacted version of the Exhibit (ECF No. 213-10). The parties agree the Exhibit should remain under seal because the redacted portions contain confidential sales and customer data. (ECF No. 248.)

      Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). Notwithstanding, the right of access is not absolute and requires the Court to balance the competing interests of public access against the legitimate interests of maintaining confidentiality of the information sought to be sealed. *Id.* at 1123. "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal

courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d. Cir. 1995).

Defendants filed the Exhibit at issue in connection with Plaintiffs' Motion to Certify Class and to Appoint Class Representatives and Class Counsel (ECF No. 195). On April 18, 2024, District Judge Eric C. Tostrud denied the motion without prejudice pending settlement of this matter. (ECF No. 247.) He advised that if this matter does not settle, the parties can refile their papers in the same form and content. (*Id.*) The Exhibit therefore did not play a role in the District Judge's exercise of Article III judicial power. Furthermore, the Court finds good cause to grant the parties' Sealing Motion because the Exhibit contains sensitive proprietary information, including confidential sales and customer data. The Court concludes that the parties' legitimate interests in maintaining confidentiality as to this information outweighs any public interest in unsealing it. *See Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 981 (D. Minn. 2016) (noting that sensitive, including proprietary, information is appropriately kept under seal).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing of Documents (ECF No. [248]) is **GRANTED**:

1. The Clerk is directed to keep ECF No. [214] under seal.

Dated: April 23, 2024               *s/ Dulce J. Foster*
                                    DULCE J. FOSTER
                                    United States Magistrate Judge