IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| TEEDA BARCLAY, JAY OVSAK, and NICOLE NORDICK, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ICON HEALTH & FITNESS, INC., and NORDICTRACK, INC.,<br><br>Defendants. | Case No. 0:19-CV-02970-ECT-DTS<br><br>**DECLARATION OF W.B. MARKOVITS IN SUPPORT OF FINAL APPROVAL** |

I, W.B. Markovits, declare:

1. I am a founding partner of the law firm of Markovits, Stock & DeMarco, LLC ("MSD"). I am one of the preliminarily approved Settlement Class Counsel for Plaintiffs in this matter. The contents of this Declaration are based upon my personal knowledge, my experience in class action cases, and the events of this litigation.

2. I submit this declaration to address the three objections raised by Class Members. ECF No. 276 (Jeremy Zweig); ECF No. 278 (William E. Howard); and ECF No. 287 (Kellie Hull). The substance of all three objections was the same: a) there should be a money award; b) the benefits are of no value; and c) the fee award requested is excessive.

3. As to the first point, there is no dispute that a cash settlement for class members would have been preferable, but there were a number of factors that made it impossible in this case. First, and primarily, iFit was (and is) facing financial difficulties. This became apparent in the first mediation in 2020 where defense counsel shared with me

and other Class Counsel financial information demonstrating iFit's difficulties. I have also reviewed public information found on the internet about the massive layoffs that took place at iFIT as well as the change in leadership. The estimated size of the class is large – roughly 1.54 million. Even at only $10 per class member, this would mean a potential outlay by iFit of $15.4 million – something that iFIT convincingly indicated was just not possible given their financial condition

4. What we did, given the above, was structure a settlement that would provide a benefit to class members while still being possible given iFit's finances. Which leads to the second point raised by the objectors – the value of the benefits. Objectors complain that a maintenance kit or treadmill mat may be useless, but to the extent the Class Member could not use one they could still obtain one and sell it on the secondary market. In fact, in my review of publicly available information on the internet, for the specific treadmill mat at issue the average sale price on eBay over the last three years was $41.53, with average shipping of $10.02. The complaint that the iFit subscription cannot be used without a corresponding iFit treadmill is incorrect – its programs can be used without on any equipment, and it has workout programs such as yoga that can be used without equipment. As to the objection to the fee award, objectors clearly did not understand the amount of work performed by Class Counsel, and that the requested award results in a significant negative multiplier.

5. Class Counsel responded to each of the three objectors, contacting them and offering to discuss their objections. See attached Exs. A (Zweig), B (Howard) and C (Hull). Two of the objectors, Mr. Zweig and Ms. Hull, indicated that they were willing to discuss

their objections via email. *Id.*, Exhs A, C. Class Counsel sent emails providing in general the responses above and heard nothing further from Mr. Zweig or Ms. Hull. *Id*. Mr. Howard never responded to the initial email. *Id*.

Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct. Executed this 11th day of August, in Cincinnati, Ohio.

*s/ W.B. Markovits*
W.B. Markovits
